IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ROBERT MICHAEL DAVIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO.:  2:05-CV-429-F |
| | ) |
| ANTHONY CLARK, et al., | ) |
| | ) |
| Defendants. | ) |

### DEFENDANTS' SPECIAL REPORT

COME NOW Anthony Clark, Sheriff of Covington County, Alabama, and Dorene Nelson, Assistant Jail Administrator of the Covington County Jail, Covington County, Alabama, Defendants in the above-styled cause, and submit this Special Report to the Court as follows:

### I.     INTRODUCTION

The Plaintiff filed the original Complaint in the United States District Court for the Middle District of Alabama on May 9, 2005.  In his Complaint, the Plaintiff alleged that the quantity of food served in the jail is inadequate, he has been denied adequate access to toilet facilities, subjected to overcrowded conditions, and lack of medical attention.  On May 11, 2005, the Court ordered the Defendants to file a Special Report.

### II.     PLAINTIFF'S ALLEGATIONS

The Plaintiff appears to allege that he was subjected to inhumane conditions and lack or medical treatment while incarcerated at the Covington County Jail.[1]

---

[1] The claims stated here are the Defendants' best interpretations of the Plaintiff's Complaint.  To the extent others may be deemed to be in the Complaint, Sheriff Clark and Assistant Jail Administrator Nelson asks that they be dismissed as well on the grounds stated below.

### III.    DEFENDANTS' RESPONSE TO PLAINTIFF'S ALLEGATIONS

Sheriff Anthony Clark and Dorene Nelson deny the allegations made against them by the Plaintiff, as said allegations are untrue and completely without basis in law or fact.

**A.    FACTS**

The Plaintiff in this action, Robert Michael Davis, was booked into the Covington County Jail on April 9, 2005, for failure to pay child support. (See Inmate Robert Michael Davis's Inmate File (hereafter, "Inmate File"), attached hereto as Exhibit A and incorporated herein as if fully set forth.) At that time he informed the jail staff that he suffered from, inter alia, heart disease, high blood pressure, and epilepsy seizures. Id. At the time of intake, the Plaintiff was six feet, two inches tall (6' 2") and weighed approximately 350 pounds. Id. The jail nurse put the Plaintiff on a special diet due to his weight and health issues. Id.

Defendant Sheriff Anthony Clark has no personal involvement in the day-to-day operations of the Covington County Jail. (Affidavit of Anthony Clark dated June 20, 2005 (hereafter, "Clark Aff."), attached hereto as Exhibit B and incorporated herein as if fully set forth, at ¶ 8.) He has delegated these responsibilities to the jail administrator. Id. Sheriff Clark has no personal knowledge of the facts of the Plaintiff's Complaint. (Clark Aff. at ¶ 3.)

Contrary to the Plaintiff's allegations, the Covington County Jail provides all constitutionally mandated necessities to its inmates. The Covington County Sheriff's Department has a policy of providing adequate housing, food, and toilet facilities for its residents. (Clark Aff. at ¶ 9; Affidavit of Dorene Nelson dated June 20, 2005 (hereafter, "Nelson Aff."), attached hereto as Exhibit C and incorporated herein as if fully set forth, at ¶ 8.) Each inmate receives three nutritious meals per day, and has continual access to water and toilet facilities. Id. It would be a violation of Sheriff's Department policy to restrict an inmates'

access to water and toilet facilities, or to fail to provide an inmate with less than three nutritious meals per day.

The Covington County Commission has contracted with Southern Health Partners, Inc. (hereafter, "SHP") to provide all health care related services for the inmates of the Covington County Jail. (Clark Aff. at ¶ 12; Nelson Aff. at ¶ 11.) Accordingly, the jail staff, including Sheriff Clark and Dorene Nelson, have no authority or control over the provision of such services, and rely on the training and expertise of SHP for such services. (Clark Aff. at ¶ 13; Nelson Aff. at ¶ 12.) Moreover, SHP staff maintain, control, secure and dispense all medications. Clark Aff. at ¶ 14; Nelson Aff. at ¶ 13.) Covington County Jail personnel do not have access to patient medications. Id. However, jail staff are instructed to contact the SHP nurse if an inmate is in obvious distress. (Clark Aff. at ¶ 13; Nelson Aff. at ¶ 12.) The jailers are required to follow any instructions given by the nurse. Id. If a jailer believes he is confronting an obvious emergency, he has full authority to summon an ambulance to take an inmate to Andalusia Regional Hospital. Id.

The Covington County Jail had an inmate grievance procedure at all times relevant to the Plaintiff's Amended Complaint. (Clark Aff. at ¶ 4; Nelson Aff. at ¶ 4.) Grievances were required to be in writing and could be filed with any member of the jail staff. Id. Jail policy provided an exception that allowed emergency grievances to be made orally. Id. Copies of all written grievances were placed in the inmate's file. Id. It was a violation of jail policy to deny an inmate access to the grievance procedure. (Clark Aff. at ¶ 6; Nelson Aff. at ¶ 6.) The Plaintiff was aware of the grievance procedure. (Clark Aff. at ¶ 5; Nelson Aff. at ¶ 5.) The Plaintiff did not file a grievance with respect to the subject matter of this lawsuit. (See Inmate File.)

3

B.  **LAW RELATING TO THE PLAINTIFF'S ALLEGATIONS**

  1.  **The Plaintiff's Claims are Barred by the Prison Litigation Reform Act for Failure to Exhaust Administrative Remedies.**

The Prison Litigation Reform Act requires exhaustion of all available administrative remedies *before filing a lawsuit* under 42 U.S.C. § 1983. See 42 U.S.C. § 1997e(a) (2005). Exhaustion is required for "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). The Plaintiff in this case has not utilized two separate and distinct administrative remedies available to him. As a result, his claims are barred.

First, the Plaintiff failed to properly utilize the grievance procedure provided at the local level in the Covington County Jail to address his denial of medical treatment claim prior to the filing of this lawsuit. The Covington County Jail had a grievance procedure. (Clark Aff. at ¶ 4; Nelson Aff. at ¶ 4.) The Plaintiff never filed a grievance related to his claim of denial of medical treatment. (Clark Aff. at ¶ 7; Nelson Aff. at ¶ 7; generally, Inmate File.)

The Plaintiff has not alleged that he pursued any grievance through the State Board of Adjustment. See Brown v. Tombs, 139 F.3d 1102, 1103-04 (6th Cir. 1998) (requiring prisoners to affirmatively show that they have exhausted administrative remedies). Alabama law provides the opportunity to file a claim and proceed before the Alabama State Board of Adjustment pursuant to Ala. Code § 41-9-60 et seq.

As state officials, sheriffs and jailers enjoy sovereign immunity from suit under Article I, § 14 of the Alabama Constitution. Turquitt v. Jefferson County, 137 F.3d 1285, 1288-89 (11th Cir. 1998). Consequently, a claim for monetary damages against Sheriff Clark is, in essence, a claim against the State of Alabama. See Hafer v. Melo, 502 U.S. 21, 25 (1991); Lancaster v. Monroe County, 116 F.3d 1419, 1429 (11th Cir. 1997); see also Kentucky v. Graham, 473 U.S.

159, 165-66 (1985). Because both the Covington County Jail and the State provided administrative remedies that the Plaintiff failed to exhaust, the Plaintiff's claims are barred by 42 U.S.C. § 1997e(a). See Alexander v. Hawk, 159 F.3d 1321, 1326-27 (11th Cir. 1998) (affirming dismissal of present action due to failure to exhaust administrative remedies).

**2. The Defendant, in His Official Capacity, Is Entitled to Judgment in His Favor as a Matter of Law.**

In his Complaint, the Plaintiff has not designated whether he is suing Sheriff Clark and Dorene Nelson in their official or individual capacity. Out of an abundance of caution, to the extent the Plaintiff's Complaint can be construed as making official capacity claims, the Eleventh Amendment bars such claims. Additionally, the Defendants, in their official capacity, are not "persons" for purposes of 42 U.S.C. § 1983.

**(a) All official capacity claims against the Defendants are barred by the Eleventh Amendment to the United States Constitution.**

The Plaintiff's official capacity claims are due to be dismissed for lack of subject matter jurisdiction. Anthony Clark, in his capacity as Sheriff, and Dorene Nelson, in her capacity as Assistant Jail Administrator, are executive officers of the State of Alabama. Therefore, a suit against these Defendants, in their official capacity, is a suit against the State of Alabama. See Hafer, 502 U.S. at 25; Lancaster, 116 F.3d at 1429; see also Kentucky v. Graham, 473 U.S. at 165-66. Because this suit is, in effect, a suit against the State of Alabama, the Eleventh Amendment to the United States Constitution bars the Plaintiff's claims under § 1983. See Free v. Granger, 887 F.2d 1552, 1557 (11th Cir. 1989); see also Dean v. Barber, 951 F.2d 1210, 1215 n.5 (11th Cir. 1992); Carr v. City of Florence, 916 F.2d 1521, 1525 (11th Cir. 1990) (citing Parker v. Williams, 862 F.2d 1471, 1476 (11th Cir. 1989) and upholding the proposition that a deputy sued in his official capacity is entitled to Eleventh Amendment immunity). Thus, this Court lacks subject matter jurisdiction over these claims.

5

**(b)     The Defendants, in their official capacity, are not "persons" for purposes of 42 U.S.C. § 1983.**

42 U.S.C. § 1983 prohibits a person, acting under color of law, from depriving another of his rights secured by the United States Constitution. 42 U.S.C. § 1983. The United States Supreme Court has held that a state official sued in his or her official capacity, is not a "person" under § 1983. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). Thus, any claims against Sheriff Clark or Dorene Nelson, in their official capacity, are due to be dismissed because they are not "persons" under § 1983, and therefore, these claims fail to state a claim upon which relief can be granted. Id.; Carr, 916 F.2d at 1525 n.3 (citing Will and noting that, in addition to entitlement to Eleventh Amendment immunity, "neither a State nor its officials acting in their official capacities are a 'person' under § 1983").

**3.     The Defendants are Entitled to Qualified Immunity.**

In their individual capacity, Sheriff Clark and Dorene Nelson are entitled to qualified immunity and a dismissal of Plaintiff's claims unless they violated his clearly established constitutional rights of which a reasonable person would have known. Lancaster, 116 F.3d at 1424. Qualified immunity is a protection designed to allow government officials to avoid the expense and disruption of trial. Ansley v. Heinrich, 925 F.2d 1339, 1345 (11th Cir. 1991). The Eleventh Circuit Court of Appeals has observed, "[t]hat qualified immunity protects governmental actors is the usual rule; only in exceptional cases will government actors have no shield against claims made against them in their *individual capacities*." Lassiter v. Alabama A & M Univ., 28 F.3d 1146 (11th Cir. 1994) (en banc) (emphasis in original) (footnote omitted). In the light of pre-existing law the unlawfulness must be apparent. Anderson v. Creighton, 483 U.S. 635, 640 (1987). Mere statements of broad legal truisms, without more, are not sufficient to

6

overcome qualified immunity. Post v. City of Ft. Lauderdale, 7 F.3d 1552, 1557 (11th Cir. 1993).

Once a defendant has asserted the defense of qualified immunity, the threshold inquiry a court must undertake is whether the plaintiff's allegations, if true, establish a constitutional violation. Saucier v. Katz, 533 U.S. 194, 201 (2001). This initial inquiry is whether "[t]aken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right?" Id. (citing Siegert v. Gilley, 500 U.S. 226, 232 (1991)). The second inquiry is, if a constitutional violation is stated, were these rights "clearly established" to the degree that Sheriff Clark and Dorene Nelson had "fair warning" that their conduct violated the Plaintiff's constitutional rights? Willingham v. Loughnan, 321 F.3d 1299, 1301 (11th Cir. 2003).

In making an assessment of whether the particular conduct of the Defendants was clearly established as being violative of constitutional dictates, the reviewing court must examine the state of law at the time the alleged deprivation occurred. See Rodgers v. Horsley, 39 F.3d 308, 311 (11th Cir. 1994). A constitutional right is clearly established only if its contours are "sufficiently clear that a reasonable official would understand that what he is doing violates that right." Anderson v. Creighton, 483 U.S. 635, 640 (1987); Lancaster v. Monroe County, 116 F.3d 1419, 1424 (11th Cir. 1997). "In this circuit, the law can be 'clearly established' for qualified immunity purposes only by decisions of the U.S. Supreme Court, Eleventh Circuit Court of Appeals, or the highest court of the state where the case arose." Jenkins v. Talladega Board of Education, 115 F.3d 821, 827 (11th Cir. 1997) (en banc) (citations omitted).

The Plaintiff has failed to allege, and the facts do not support, that the Defendants violated the Plaintiff's federally protected rights. The Plaintiff alleges that he was subjected to inhumane conditions of confinement, in the form of denial of sufficient food and overcrowding,

7

and denial of medical treatment. As neither Sheriff Clark nor Dorene Nelson are not specifically accused of doing anything wrong,[2] it is unclear why they have been sued. Accordingly, the Plaintiff cannot meet either of his burdens under the qualified immunity analysis – he cannot show a constitutional violation or clearly established law that placed the Defendants on notice that their conduct was unlawful.

The Plaintiff also alleges that he was unlawfully denied medical care. The Defendants are entitled to judgment in their favor as a matter of law on these claims for three reasons. First, these Defendants' policies and actions were not deliberately indifferent to a constitutional right of the Plaintiff. Second, the Defendants did not promulgate policies that caused the Plaintiff's alleged constitutional deprivations. Third, no clearly established law provided these Defendants with "fair warning" that their conduct was unlawful.

### (a) **The Defendants did not violate any of the Plaintiff's federally protected rights.**

The Plaintiff cannot meet his first burden under the qualified immunity standard – he cannot show a violation of his federal rights. The Defendants are therefore entitled to qualified immunity for three reasons. First, the Defendants cannot be held liable on a theory of *respondeat superior*. Second, there are no allegations of any wrongdoing on the part of the Defendants. Third, there is no causal connection between the policies promulgated by the Defendants and the Plaintiff's alleged injuries.[3]

---

[2] Though named as Defendants, Sheriff Clark and Dorene Nelson do not appear anywhere in the Plaintiff's Statement of Facts.

[3] This reference to the Plaintiff's injuries is solely for the purpose of addressing the Qualified Immunity standard. The Plaintiff has failed to allege any actual injury.

**(1)    *Respondeat Superior* cannot serve as a basis for § 1983 liability.**

To the extent the Plaintiff seeks to impose vicarious liability on Sheriff Clark and Dorene Nelson, his claims are due to be dismissed. As noted previously, vicarious liability is not permitted under § 1983. See Monell, 436 U.S. at 691.

**(2)    There is no allegation of any personal wrongdoing on the part of Sheriff Clark or Dorene Nelson.**

At the outset, it must be noted that the Plaintiff has not made any specific allegations against Sheriff Clark or Dorene Nelson.

With respect to the Plaintiff's confinement claims, there is no constitutional mandate that prisons or jails be made comfortable. Rhodes v. Chapman, 452 U.S. 337, 349 (1981). "Lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system." Price v. Johnston, 334 U.S. 266, 285 (1948). "Maintaining institutional security and preserving internal order and discipline are essential goals that may require limitation or retraction of the retained constitutional rights of both convicted prisoners and pretrial detainees." Bell v. Wolfish, 441 U.S. 520, 546 (1979).

To overcome the Defendants' entitlement to qualified immunity, the Plaintiff must prove that the Defendants were deliberately indifferent. Farmer v. Brennan, 511 U.S. 825, 836 (1994). Specifically, the Plaintiff must prove that Sheriff Clark and/or Dorene Nelson were aware that a substantial risk of serious harm to the inmate's health or safety existed. The Plaintiff must further prove that the Defendants drew the inference of the existence of such a risk. Id.

As previously noted, the Plaintiff's statement of the facts is devoid of any reference to Sheriff Anthony Clark or Dorene Nelson. Additionally, Sheriff Clark has little or nothing to do with the day-to-day operations of the Covington County Jail. (Clark Aff. at ¶ 8). He has delegated the day-to-day operations of the jail to Jail Administrator Jerry Edgar. Id.

9

Turning to Plaintiff's overcrowding claims, Defendants must concede that the Covington County Jail is overcrowded. However, said overcrowding is caused by the failure of the State of Alabama to retrieve those inmates which are lawfully due to be transferred into its custody. (Clark Aff. at ¶ 11; Nelson Aff. at ¶ 10.) Further, the overcrowding does not present a health or safety hazard, as all inmates are provided adequate sleeping facilities and continual access to water and toilet facilities. (Clark Aff. at ¶¶ 10-11; Nelson Aff. at ¶¶ 9-10.) It is significant that less than three weeks after Plaintiff filed his Complaint, the State of Alabama Department of Corrections inspected the Covington County Jail and found that, while the Jail is "overcrowded at this time," said overcrowding did not affect the Jail's security, sanitation or personal hygiene. (Jail Inspection Report of the State of Alabama Department of Corrections dated April 20, 2005 (hereafter, "Inspection Report"), attached herewith as Exhibit D and incorporated herein as if fully set forth.)

The United State Supreme Court has determined that "double-celling" – the practice of housing two inmates to a cell as a result of overcrowding – was not unconstitutional as long as it didn't result in "deprivations of essential food, medical care, or sanitation," increase violence among inmates, or "create other conditions intolerable for prison confinement." Rhodes v. Chapman, 452 U.S. 337, 348 (1981). Though the Plaintiff has alleged insufficient food, which allegations are addressed below, he has not alleged that such insufficiency is related to the overcrowding of the jail. He has also not alleged any deprivation of medical care or sanitation, or increased violence, or other intolerable prison condition, resulting from the overcrowding. The Alabama Department of Corrections, as recently as two months ago, found no such deprivations or intolerable condition. (Inspection Report.) See also, Bell v. Wolfish, 441 U.S. 520, 543 (1979) (finding that, while "double-bunking" may have taxed particular equipment or facilities in the jail, it did not fail to meet Constitutional standards); Hamm v. DeKalb County,

10

774 F.2d 1567, 1575 (11th Cir. 1985) (holding that the fact that an inmate "had to sleep upon a mattress on the floor or on a table is not necessarily a constitutional violation").

The Constitution requires that inmates are provided "a well-balance meal, containing sufficient nutritional value to preserve health." Smith v. Sullivan, 553 F.2d 373, 380 (5th Cir. 1977). See also, Hamm, 774 F.2d at 1575. Each inmate at the Covington County Jail receives three nutritious meals per day, and inmates are commonly known to gain weight while incarcerated at the Jail. (Clark Aff. at ¶ 9; Nelson Aff. at ¶ 8; Covington County Jail Menu for May, 2005, attached herewith as Exhibit E and incorporated herein as if fully set forth.)  In fact, the Alabama Department of Corrections found that the quantity of food prepared was "good."[4] (Inspection Report.)

### (b) The Plaintiff did not suffer from an objectively serious medical need.

A constitutional violation under the Eighth Amendment for denial of medical care is stated where the facts tend to show that a jail official was deliberately indifferent to the serious medical needs of an inmate. See Estelle v. Gamble, 429 U.S. 97, 104 (1976). The Plaintiff must satisfy both an objective and a subjective inquiry. Taylor v. Adams, 221 F.3d 1254, 1257 (11th Cir. 2000); Adams v. Poag, 61 F.3d 1537, 1543 (11th Cir. 1995). First, he must show an objectively serious medical need. Taylor, 221 F.3d at 1258; Adams, 61 F.3d at 1543. Second, the Plaintiff must demonstrate that the Defendants acted, or failed to act, with an attitude of "deliberate indifference" to that serious medical need. Farmer v. Brennan, 511 U.S. 825, 834 (1994). A prison official cannot be deliberately indifferent to an excessive risk to an inmate's health unless he is both "aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and . . . draws[s] the inference." Farmer, 511 U.S. at 837. In the instant

---

[4] The possible scores on the Inspection Report are "poor," "fair" and "good."  Therefore, a score of "good" is the highest mark a jail can receive.

case, the Plaintiff has failed to allege any facts tending to show that these Defendants knew of a serious medical condition.

Plaintiff fails to allege that either of these Defendants had any knowledge whatsoever that he had been injured, or that he required medical attention. Any medical treatment requested or required would have been noted in the Plaintiff's inmate file. However, any such note or report is noticeably absent from Plaintiff's file. (See, Inmate File.) Further, if the Plaintiff had been injured in a county vehicle or on county property, jail and department policy requires that a report of the incident be completed and deposited in the Plaintiff's file. (Clark Aff. at ¶ 15; Nelson Aff. at ¶ 14.) However, no such report is found in the Plaintiff's file. (Clark Aff. at ¶ 16; Nelson Aff. at ¶ 15; Inmate File.) Further, neither Defendant has any knowledge of any injury suffered by the Plaintiff while he has been incarcerated at the Covington County Jail. Id.

Assuming that the Plaintiff did require medical treatment while incarcerated, such treatment is the responsibility of SHP, and thus these Defendants cannot be held liable for deliberate indifference to such treatment. An inmate does not have a right to a ***specific*** kind of treatment. City of Revere v. Massachusetts General Hosp., 463 U.S. 239, 246 (1983) (holding, "the injured detainee's constitutional right is to receive the needed medical treatment; ***how [a municipality] obtains such treatment is not a federal constitutional question***") (emphasis added). Furthermore, this Court should not substitute its medically untrained judgment for the professional judgment of the medical health professionals who treated the Plaintiff. See Waldrop v. Evans, 871 F.2d 1030, 1035 (11th Cir. 1989) (observing that "when a prison inmate has received medical care, courts hesitate to find an Eighth Amendment violation"); Hamm v. DeKalb County, 774 F.2d 1567, 1575 (11th Cir. 1985) (stating that the evidence showed the plaintiff received "significant" medical care while in jail, and although plaintiff may have desired different modes of treatment, care provided by jail did not constitute deliberate indifference),

cert. denied, 475 U.S. 1096 (1986); Westlake v. Lucas, 537 F.2d 857, 860 n.5 (6th Cir. 1976) (stating "Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments").

>   **(c)** **The Complaint fails to allege a constitutional violation in that Defendants were not deliberately indifferent to the Plaintiff's serious medical needs.**
>
>   **(i)** **Sheriff Clark and Dorene Nelson were not deliberately indifferent to the Plaintiff's medical needs.**

These Defendants were not deliberately indifferent to any objectively serious need that could be construed in the Plaintiff's Complaint. In order to be deliberately indifferent, an official must both know of a serious risk of harm and disregard it. Farmer, 511 U.S. at 837. The Complaint does not allege, and the facts do not support, that these Defendants were deliberately indifferent.

Anthony Clark and Dorene Nelson have no direct involvement whatsoever in the provision of medical care to the Plaintiff or other inmates at the Covington County Jail. (Clark Aff. at ¶¶ 12-13; Nelson Aff. at ¶¶ 11-12.) In fact, the Plaintiff's Complaint does not allege that Sheriff Clark or Dorene Nelson had anything whatsoever to do with his medical care. (See, generally, Complaint.) SHP was responsible for the provision of medical care to the inmates. (Clark Aff. at ¶¶ 12-13; Nelson Aff. at ¶¶ 11-12.) The Covington County Jail staff has no control or authority over the medical practices, policies or procedures of SHP. (Clark Aff. at ¶ 13; Nelson Aff. at ¶ 12.)

The Defendants do not have any kind of medical education, training or experience. They rely upon the professional judgment of medical professionals who have been retained to provide care to the inmates. This Court should not substitute its medically untrained judgment for the professional judgment of the medical health professionals who treated the Plaintiff. See Waldrop

v. Evans, 871 F.2d 1030, 1035 (11th Cir. 1989) (observing that "when a prison inmate has received medical care, courts hesitate to find an Eighth Amendment violation"); Hamm v. DeKalb County, 774 F.2d 1567, 1575 (11th Cir. 1985) (stating that the evidence showed the plaintiff received "significant" medical care while in jail, and although plaintiff may have desired different modes of treatment, care provided by jail did not constitute deliberate indifference), cert. denied, 475 U.S. 1096 (1986); Westlake v. Lucas, 537 F.2d 857, 860 n.5 (6th Cir. 1976) (stating "Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments").

While the Eleventh Circuit has not had an opportunity to visit this issue, the Eighth Circuit has addressed a similar claim. In Meloy v. Bachmeier, 302 F.3d 845 (8th Cir. 2002), a former inmate sued several prison doctors, a nurse, and the prison's medical director[5] for failing to provide him with a positive air pressure machine needed to treat his sleep apnea. 302 F.3d at 847. Reversing the district court's denial of summary judgment for the director, the Eighth Circuit began by making some common sense observations. "A prison's medical treatment director who lacks medical expertise cannot be liable for the medical staff's diagnostic decisions." 302 F.3d at 847 citing, Camberos v. Branstad, 73 F.3d 174, 176 (8th Cir. 1995). Further, the Meloy court stated "[p]rison officials cannot substitute their judgment for a medical professional's prescription." Id. citing, Zentmyer v. Kendall County, 220 F.3d 805, 812 (7th Cir. 2000). Finally, the court held:

> The law does not clearly require an administrator with less medical training to second-guess or disregard a treating physician's treatment decision. Because the law was not clearly established that [the director] was deliberately indifferent to [the plaintiff's] serious medical needs, [the director] is entitled to qualified immunity.

---

[5] The medical director was a trained and licensed nurse. 302 F.3d at 846.

302 F.3d at 849.

Assuming, *arguendo*, that the SHP staff or the county mental health facility employees did not properly respond to the Plaintiff's complaints, these Defendants have not been deliberately indifferent. Sheriff Clark and Dorene Nelson are **required** to rely upon their medical staff. They cannot supplant their untrained opinion for that of medical professionals.

Finally, "a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment." Estelle, 429 U.S. at 106. There is no allegation whatsoever in the Complaint that the Defendants participated in, or interfered with, the treatment decisions made with regard to the Plaintiff. It is therefore clear from the face of the Complaint that the Plaintiff's chief claim is that the contract medical personnel ineffectively treated him. "Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Id. Regardless, the Defendants cannot be held responsible for the alleged malpractice of a county contractor.

Based upon the foregoing the Plaintiff has failed to allege a violation of his federally protected rights – let alone a violation personally committed by Sheriff Clark or Dorene Nelson. Therefore, these Defendants entitled to qualified immunity and judgment as a matter of law on the Plaintiff's claims.

> **(3)** **There is no causal connection between any policy or custom promulgated by Defendant Sheriff Anthony Clark and the Plaintiff's alleged injuries.**

The Eleventh Circuit has stated what is required to make out a § 1983 claim against a supervisor:

> Supervisory liability occurs either when the supervisor personally participates in the alleged constitutional violation or when there is a causal connection between actions of the supervising official and the alleged constitutional deprivation. The causal connection can be established when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so. The deprivations that constitute widespread abuse sufficient to

15

> notify the supervising official must be obvious, flagrant, rampant and of continued duration, rather than isolated occurrences.

Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990) (citations omitted). The causal connection may be established where the supervisor's improper "custom or policy ... result[s] in deliberate indifference to constitutional rights." Rivas v. Freeman, 940 F.2d 1491, 1495 (11th Cir. 1991) (citing Zatler v. Wainwright, 802 F.2d 397 (11th Cir. 1986)). "[T]he inadequacy of police training may serve as the basis for § 1983 liability *only* where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact." City of Canton v. Harris, 489 U.S. 378, 388 (1989) (emphasis added).

Supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates "on the basis of *respondeat superior* or vicarious liability." Belcher v. City of Foley, 30 F.3d 1390, 1396 (11th Cir. 1994) (citation and quotation omitted). The Eleventh Circuit applies a three-prong test that the Plaintiff must satisfy to establish supervisory liability: (1) the supervisor's actions, either in training, promulgating policy, or otherwise, were deliberately indifferent to the Plaintiff's rights; (2) a reasonable person in the supervisor's position would know that his or her actions were deliberately indifferent; and (3) the supervisor's conduct was causally related to the subordinate's constitutional infringement. Greason v. Kemp, 891 F.2d 829, 836-37 (11th Cir. 1990). The Complaint fails to allege facts supporting any of these elements, and there is no evidence to support the allegations even if they were made.

First, this Defendant's policies and actions were not deliberately indifferent. As noted above, there is no allegation or evidence of personal involvement on the part of Sheriff Clark or Dorene Nelson. (See generally Amended Complaint). Furthermore, there is no allegation that Sheriff Clark or Dorene Nelson had knowledge (either actual or constructive) of a training deficiency in the Covington County Jail or that the policies and/or customs of the jail would

16

result in constitutional violations. Id. There is no allegation of widespread obvious, flagrant, rampant and continuous abuse by corrections officers. Id.

Second, there are no facts in the record from which a reasonable person could conclude that the conduct of the Defendants was deliberately indifferent. For example, there are no allegations that the food at the jail – either in quantity or quality – has harmed the Plaintiff, or any other inmate.

Prison officials may be held liable for denying humane conditions of confinement only if they know that inmates face substantial risk of serious harm and disregard that risk by failing to take reasonable measures to abate it. Farmer v. Brennan, 511 U.S. 825, 837 (1994). There are no allegations in the Complaint at all to show that the Defendants were aware of any risk of harm to the Plaintiff – let alone a substantial risk of harm. Consequently, the Plaintiff has failed to meet the second element of supervisory liability under § 1983.

Regarding the third element of supervisory liability, there is no causal connection between the Defendants' conduct and the alleged constitutional deprivation. Again, Sheriff Clark was not present during any of the events described in the Plaintiff's Complaint. There is no evidence that Sheriff Clark or Dorene Nelson failed to train the jail personnel.

The Plaintiff has failed to allege, and the facts do not show, the existence of the elements of supervisory liability under § 1983. See Greason, 891 F.2d at 836-37. These Defendants cannot be held vicariously liable under § 1983. Monell, 436 U.S. at 694-95. Consequently, the Defendants are entitled to qualified immunity and judgment in their favor as a matter of law. Saucier, 533 U.S. at 201.

(b) **No clearly established law gave Sheriff Clark fair warning that his conduct was unlawful.**

The Plaintiff must show that clearly established law provided the Defendants with fair warning that their conduct was unlawful by either (1) pointing to a case with materially similar facts

holding that the conduct engaged in was illegal; or (2) demonstrating that a pertinent federal statute or federal constitutional provision are specific enough to demonstrate conduct was illegal, even in the total absence of case law. Storck v. City of Coral Springs, 354 F.3d 1307, 1317 (11th Cir. 2003) (citations omitted). The Eleventh Circuit has identified the latter method as an "obvious clarity" case. Vinyard v. Wilson, 311 F.3d 1340, 1350 (11th Cir. 2002) (footnote omitted). In order to show that the Defendants' conduct was unconstitutional with "obvious clarity," "the unlawfulness must have been apparent." Willingham, 321 F.3d at 1301. "Unless a government agent's act is so obviously wrong, in the light of pre-existing law, that only a plainly incompetent officer or one who was knowingly violating the law would have done such a thing, the government actor has immunity from suit." Storck, 354 F.3d at 1318 (quoting 28 F.3d at 1149).

As the Plaintiff has made no direct allegations with respect to the conduct of Sheriff Clark or Dorene Nelson, there is nothing from which the Court may judge whether the Defendants acted lawfully or unlawfully. Consequently, the Plaintiff has failed to meet the second burden placed upon him by the qualified immunity standard.

It should be noted, however, that with respect to the policies Sheriff Clark has put in place at the Covington County Jail, each one is constitutional. For example, with respect to health care, the Eleventh Circuit refused to find a constitutional violation where a jail did not have a nurse or doctor on staff. See Free, 887 F.2d at 1556. Here, the Covington County Jail at least has provided contract medical services.

## IV.     MOTION FOR SUMMARY JUDGMENT

### A.     Summary Judgment Standard

On a motion for summary judgment, the court should view the evidence in the light most favorable to the nonmovant. Greason, 891 F.2d at 831. However, a plaintiff "must do more than show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co.

18

v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Only reasonable inferences with a foundation in the record inure to the nonmovant's benefit. See Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133 (2000). "[T]he court should give credence to the evidence favoring the nonmovant as well as that 'evidence supporting the moving party that is uncontradicted or unimpeached, at least to the extent that that evidence comes from disinterested witnesses.'" Reeves, 530 U.S. at 151, quoting 9A C. Wright & A. Miller, Federal Practice and Procedure § 2529, p. 299.[6] "A reviewing court need not 'swallow plaintiff's invective hook, line and sinker; bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like need not be credited.'" Marsh v. Butler County, 268 F.3d 1014, 1036 n.16 (11th Cir. 2001) (en banc) quoting Massachusetts School of Law v. American Bar, 142 F.3d 26, 40 (1st Cir. 1998).

    **B.**    **Motion for Summary Judgment**

Sheriff Clark and Dorene Nelson respectfully request that this Honorable Court treat this Special Report as a motion for summary judgment and grant unto them the same.

Respectfully submitted this 20th day of June, 2005.

> s/Scott W. Gosnell
> GARY L. WILLFORD, JR. Bar Number WIL198
> SCOTT W. GOSNELL, Bar Number: GOS002
> Attorneys for Defendants Anthony Clark and Dorene Nelson
> WEBB & ELEY, P.C.
> 7475 Halcyon Pointe Road
> P.O. Box 240909
> Montgomery, Alabama 36124
> Telephone: (334) 262-1850
> Fax: (334) 262-1889
> E-mail: sgosnell@webbeley.com

---

[6] Although Reeves was a review of a motion for judgment as a matter of law after the underlying matter had been tried, the Supreme Court, in determining the proper standard of review relied heavily on the standard for summary judgment stating, "the standard for granting summary judgment 'mirrors' the standard for judgment as a matter of law, such that 'the inquiry under each is the same.'" Reeves, 530 U.S. at 150, citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250-251 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

**CERTIFICATE OF SERVICE**

I hereby certify that on this the 20th day of June, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF and served the following by U.S. Mail:

Robert Michael Davis
Covington County Jail
290 Hillcrest Drive
Andalusia, Alabama 36420

**s/Scott W. Gosnell**
OF COUNSEL