IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORthern Division

Robert Michael Davis,
           Plaintiff

-V.-

Anthony Clark & Dorene Nelson, et al.,
           Defendants

Civil Action No.: 2:05-CV-429-F

RECEIVED
JUL - 8 2005
CLERK
U.S. DISTRICT COURT
MIDDLE DIST. OF ALA.

## Plaintiffs Response to Defendants Special Report

Comes Now Robert Michael Davis Plaintiff in the Above-Styled Cause, and Submits this Response to Defendants Special Report.

### I. Introduction

The Defendants Filed a Special Report to Plaintiffs Original Complaint in the United States District Court For the Middle District of Alabama on June 20th 2005. Defendants Alleged that Plaintiffs Allegations of Inadequate quantity of Food served, Denial of Continual Access to Water and toilet Facilities, being Subjected to Inhumane, Overcrowded Conditions And Lack of Medical Attention while incarcerated at the Covington County Jail Are Untrue and Completely without basis in Law or Fact.

### II. Defendants Allegations

Defendants Appear to Allege that Plaintiffs claim of Inadequate Quantity of Food Served in CCJ, Denial of Continual Access to Water and toilet Facilities, Being Subjected to Inhumane, Overcrowded Conditions and Lack of Medical Attention while incarcerated at the Covington County Jail Are Untrue and Completely without Fact and Law Basis.

### III. Plaintiffs Response

Sheriff Anthony Clark and Asst. Jail Admin. Dorene Nelson's Allegations made against the Plaintiff are Untrue And Completely without basis of Facts or Law.

## A. FACTS

The Plaintiff in this action, Robert Michael Davis, was booked into the Covington County Jail on April 9th, 2005, for failure to pay child support. (See Inmate Robert Michael Davis's Inmate File (hereafter, "Inmate File") attached to Defendant's Special Report Exhibit A and incorporated therein. At that time I informed the jail staff that I suffered from high blood pressure, and asthma. At the time of intake, the Plaintiff (I) was six feet two inches tall (6'2") and weighed approximately 350lbs. The Southern Health Partners Inc. (hereafter, "SHP") Nurse NEVER put Plaintiff (me) on a special diet as reported in Defendants Special Report. The special diet that Plaintiff was on occured on Plaintiff's previous incarceration for same charges back in November 2004. Plaintiff was on a special diet but diet consisted of double portions and lasted until Plaintiff release in December 2004. Said special diet was approved by former Covington County Jail Nursing Staff and was due to Plaintiff claims of hunger and constance head aches from lack of quantity of food served.

It is a fact that Plaintiff has not personally seen Defendant Sheriff Anthony Clark physically inside jail facility. But has witnessed Defendant Clark on local T.V station when a recent jail escape was televised. Said Defendant Clark at that time <u>did not deny</u> <u>his personal involvement in the day-to-day operations of Covington County Jail</u> or did Defendant state at any time that it was the <u>delegated responsibilitie</u> of the jail administrator or his staff to aprehend escapees or to <u>run day-to-day operations</u>. But made it clear that he was doing everything in his power to rectify the situation and to <u>improve the security</u> at the jail to make sure it did not occurr again (please subpoena video)

IF DEFENDANT Clark has No Personal Knowledge of the Facts of Plaintiff complaint as he alleges, It is not the Plaintiff Fault. Defendant Clarks title of Public office (Sheriff) appears first on all Request and Grievance Forms as to whom said Request or Grievance should be Directed To For Reply. Defendants title of Public office (Sheriff) is then followed by, Chief Jailer, Jailer, Records office or Chaplian as to next official in line or Rank to Respond to said documents (See Plaintiff Evidentiary Material) for copy of said Request/Grievance forms).

Contrary to the Defendants allegations. The Covington County Jail Does not provide all constitutionally mandated necessities to its Inmates. Plaintiff has been denied three nutritious meals per day and had to suffer from hunger almost daily since incarceration in CCJ. Plaintiff has been subjected to overcrowded conditions and increased violence and been a witness to several small Riots by Fellow Inmates that to my knowledge have gone unreported by Media, But have involved Sheriff Deputys and Jail officials, on several occassions.

Combind Impact of "OVERCROWDED", UNSANITARY conditions, UNBALANCED DIET, and absence of outdoor exercise made confinement of any prisoner in county Jail, Cruel and usual Punishment perse. Jones V. Diamond C.A. Miss. 1981, 636 F 2d 1364 Amendment 101 S. Ct. 3141. 453. 65 911. 69 L. ED 2d 693 Den 8th Amendment notes 547 8th Amendment note 463 "OVERCROWDING - GENERALLY" In case Involving conditions of State Prison. District court or Circuit courts should satisfy that no Additional Prisoners would be confined at the prison if their confinement would Result in continued Overcrowding. And perpetuation of conditions which failed to provide optimum safety and sanitary living for given inmates. Finney v. Arkansas Bd. of Corrections. CA. Ark. 1974. 505 F. 2d 194 On Remand 410 F. Support - 251.

8th 4.

8th Amendment - Note 464 Amount of Space Provided Failure to Provide Adequate living space to Convicted Persons and Failure to Provide Security while they are incarcerated constitutes Cruel and Unusual Punishment. ADAM v. MATHIS. DC Ala. 1979 FED SUPP 307 AFFIRMED 614 F. 2d 42

Plaintiff being Forced to sleep on the Floor in the Day Room of A-Block CCJ since his incarceration April 9th 2005 is A Clear Violation of Plaintiffs Constitutional Rights.

Plaintiff has been Denied Continualed Access to water and toilet Facilities, and has been unable to shower Regular on a daily basis because of there being only two working showers in a Cell-Block Designed to hold (32) thrity-two men and as of today currently has (70) Seventy men.

Plaintiff was Never Shown or Given a copy of Jail Policy's at time of Booking into CCJ or at any time thereafter.

Plaintiff was Never Shown, Given or Made Aware of Covington County Jail Grievance Procedures by a CCJ Official or Officer.

It was a Fellow Inmate that Made Plaintiff Aware of Request and Grievance Forms on the 13th of April 2005 at which time Plaintiff Filed a Initial Grievance about what occured on his way to court and How Plaintiff was injured that day.(a.) Plaintiff Never Recieved a Response to that Grievance.(b.) Plaintiff Again Filed a Grievance on the 14th and 15th of April 2005 to which he never Recieved Replys.(c.) Plaintiff at that time Felt it was necessary to Protecting his Constitutional Rights by having C/o's (Correctional Officers) or other Jail Officers start making copies of any and All Future Materials Pertaining to Plaintiff injury and conditions of Plaintiff Confinement at CCJ (d.) Plaintiff is including as Evidentiary-Materials (some) Copies of these Documents and Forms (e.) Plaintiff in filing Evidentiary Material Proves that He Did in Fact File Numerous Grievance Forms and having Never Recieved -

A RESPONSE AND FACT EXHAUSTS HIS AVAILABLE ADMINISTRATIVE REMEDIES, 42 U.S.C. §1983. See 42 U.S.C. §1997e(a)(2005)

Plaintiff was and is currently subjected to inhumane, overcrowded conditions and increased violence on a daily basis. ~~[scratched out]~~ Denial of continued access to water and toilet facilities and lack of medical treatment and thus Plaintiffs constitutional rights continued to be violated.

Plaintiffs injury continues to go unrepaired or properly treated by reasonable medical standards after almost (4) four months from Plaintiffs initial injury and almost (2) two months from being diagnosed by an MRI test results (also included as evidentiary material.)

Plaintiff since filing his complaint is now being substancially hindered in keeping records of any further request/grievances and medical and legal papers. Also Plaintiff is being limited as to number of copies of any legal and medical document he can obtain from CCJ officials and officers per memo placed over Covington County Jail copier (see attached evidentiary material) It is difficult enough for Plaintiff to comply with Magistrate Judges orders from lack of Law Library availability, Plaintiff has requested to go on numerous occassions over the last month since recieving Magistrate Judges orders I have never gotten a response to any request form submitted. However Plaintiff was taken from cell block to a storage area with old out of date law books and material, But to this date neither Plaintiff or any other fellow inmates have been allowed to go to appropiate Law Library which is in another building at another location. Plaintiff was also never made aware of his opportunity to file a claim and proceed before the Alabama State Board of Adjustments, and therefore cannot be responsible for not doing so.

Plaintiff having no legal advice or appropiate material to guide him in this matter has no choice but to designate that he is suing all Defendants in both there official and individual capacity's.

It is a fact that Plaintiff physically see's and is responded to by Defendant Asst. Administrator Dorene Nelson in her official capacity on a daily basis which leaves Plaintiff to believe that she does have authority over in some capacity the day-to-day operations of CCJ facility. But is also a fact that in her limited authoritive capacity she (Def. Dorene Nelson) has to answer and report to higher authority or her superiors. Plaintiff hisself was addressed by Defendant Nelson on an occassion after writing a request/grievance form about not being able to see a Notary Public after Plaintiff orally requested to see one to Defendant Nelson. Defendant Nelson had a c/o bring Plaintiff up front to her station and asked Plaintiff had he threatned her pertaining to Plaintiffs request/grievance form he submitted. Plaintiff then stated he had not threatned Defendant Nelson. Defendant Nelson then stated that <u>we have no authority</u> over the Notary Public that the Notary Public comes to CCJ on her own time or when she gets ready.

Pertaining to Defendants claim that the Covington County Commission has contracted with Southern Health Partners, Inc. (hereafter, "SHP") to provide all health care related services for the Inmates of CCJ they are still under direct supervision of jail officials and are obligated to follow jail procedures whether they be administrative or deal with security and therefore are under Covington County Jail Authority.

Plaintiff did however notify Covington County Jail staff being former c/o Eric Childers who had been same c/o that transported Plaintiff to court on day of injury April 13th 2005

Plaintiff told Former 4/O Eric Childers of/on of his injury prior to returning to CCJ Facility and was told to put in a sick call slip. (See Affidavits Evidentiary Materials).

Plaintiff's 8th Amendment Constitutional right per Not: 564 was violated being; Denial of Adequate Medical Screening Classifications, Record keeping, Sick Call Procedures and timely access to care at County Jail constituted Deliberate Indifference to Potentially Serious Medical Needs of Pretrial Detainees and Convicted Prisoners alike in violation of this Amendment Dawson v. Kendrick DC. W. VA., 1981 527 F. Supp. 1252

Due Process 14-8 Amendments Notes 564 Source of Pretrial Detainees Rights to Medical treatment is found in Due Process Clause with Decisions Interpreting is found Cruel & Unusual Punishment Clause of "8th. Amendment" Serving as useful analogies. Hampton v. Holmesburg Prison Officials (1976, Ca. 3 pa) 546 F 2d 1077.

Amendment 8 note 470 Sanity of Prisoners when sub. human conditions exist at a Jail Facility cannot help but destroy spirit and threaten the sanity of Inmates the courts must act Immediately to enforce Mandates of Constitution. Brenneman v. Madigan, DC. Ca. 1972, 343. F. Supp. 128.

The Plaintiff having Restricted access to pertanate legal codes, Procedures and Guidelines can not answer whether or not the Defendants are indeed Barred Against claims pursuit to the Eleventh Amendment to the United States Constitution Plaintiff However has found that pursuit Code of Ethics 36-25-25(E) A public employee who without a good faith belief in the truthfulness and accuracy of a com-

plaint filed against a supervisor, shall be subject to a civil action in the circuit courts in the state of Alabama pursuant to the Alabama Rules of Civil Procedure as promulgated by the Supreme Court. Additionally and accuracy of a complaint as filed against a supervisor shall be subject to appropriate and applicable personnel action. (F) Nothing in this section shall be construed to allow a public employee to file a complaint to prevent, mitigate, lessen or otherwise to extinguish existing or anticipated personnel action by a supervisor or public employee who willfully files such a complaint against a supervisor shall upon conviction be guilty of the crime of false responding. (Act. 1973, No. 1056, p. 1649) (30, Acts 1975, 70, 130, s. 1; Acts 1995, No. 95-194, p. 269. 81) It should be very clear why defendants Sheriff Anthony Clark and Asst. Jail Admin. Dorene Nelson are being sued. By ignoring plaintiff's repeated request/grievance forms for assistance in getting proper medical attention, the severe overcrowdedness pertaining to plaintiff having to sleep on floor and being denied continual access to water and toilet facilities where actions clear and deliberately indifferent to plaintiffs constitutional rights. Under Rule 56 Note 23(23) Piercing of pleadings plaintiff's supporting affidavits pierce allegations in defendants pleading and require him and her to come forward with counter proof in order to show genuine issues of fact. Although there is an exception. Plaintiffs evidentiary materials in support of motions establishes genuine issue of facts. Keller v. Dravo Corp., C.A.La. 1971, 441 F.2d 1239.

IT SHOULD ALSO BE CLEAR THAT THE DEFENDANTS VIOLATED AND DEPRIVED PLAINTIFF OF HIS CONSTITUTIONAL RIGHTS BY TRIPLE AND QUADRUPLE CELLING PLAINTIFF TO THE POINTE WHERE PLAINTIFF WAS FORCED TO SLEEP ON THE FLOOR IN CELL-BLOCKS DAY ROOM RATHER THAN BEING FORCED TO CONTINUE INHUMANE CONDITIONS IN SLEEPING AND LIVING IN A TWO MAN CELL WITH THREE AND FOUR, SOMETIMES FIVE INMATES IN A SINGLE CELL. 8th AMENDMENT NOTE 465 TRIPLE CELLING OF PRISON INMATES ON EXTENDED BASIS WHEN VIEWED UNDER total Conditions of CONFINEMENT test would be UNCONSTITUTIONAL AND AS PERMANENT CONDITION Could not BE APPROVED AS TEMPORARY RESPONSE to EMERGENCY Situation CREATED BY INMATES own Actions However it is not A Constitutional violation. DELGGDE V. CADY. DC. W.S. 1983 576 F. SUPP. 1446. 9 Ala. 2d - 947 2501 Constitutional LAW A CRIMINAL statue will be Found to violate EQUAL Protection Clause of the United States Constitution IF AN ACCUSED CAN Demonstrate to the Court that SIMILARLY situated PERSONS ARE not BEING TREATED EQUALLY AND that DISCRIMINATION, unJustifiable standardes of Arbitrary Classification Code 1975 13A-5.9. 13A-6.4 Comment. USCA Const. 14 AMEND. THE DEFENDANTS ARE CLEARLY VIOLATING PLAINTIFF Constitutional Rights By not Providing Inmates with A "WELL-BALANCED MEAL CONTAINING SUFFICIENT Nutritional VALUE to PRESERVE HEALTH." (SEE DEFENDANTS Covington County Jail REVISED MENU FOR MAY, 2005 Attached AS Plaintiffs EVIDENTIARY MATERIAL) No WHERE ON SAID MENU will you SEE FREASH FRUIT or FREASH VEGATABLES Also THERE is not A licensed or CERTIFIED DIETIAN ON STAFF OR SUPERVISING MEAL PREPARATIONS, to Determine Proper Portion Sizes AND maintain them Daily.

Plaintiff Followed CCJ Policy by continually submitting request/grievance forms regarding his injury and conditions at CCJ. It was not Plaintiff's responsability to prove that Defendants were aware or had knowledge whatsoever of Plaintiffs injury. All Plaintiff was supposed to do was submitte proper request/grievance forms to proper official Plaintiff did that several times just to make sure that Defendants were recieving them Plaintiff even indicated different ~~officials~~ officials or officers on separate forms Plaintiff continued to not recieve a response. Plaintiff could only assume that his allegations were eithere being ignored or dismissed as Frevalous. Once Plaintiff did get to see CCJ Docter, Dr. McWhorter and SHP staff nurses Plaintiff was still denied proper treatment and it was only after Plaintiff continualy kept complaining of severe pain did Plaintiff even get or recieve an X-ray and then one month later an MRI which then proved that Plaintiff had been truthful the whole time and should have had more adequate treatment far prior to civil action. Futhermore it is the Plaintiff belief that all the Defendants, Including Sheriff Clark, Asst. Admin Nelson, Former Nurse Judy Lambert, Millard H. McWhorter III M.D. and Physician for CCJ and Nurse Lamberts Former Employer SHP Inc. were all Deliberately indifferent to Plaintiffs serious need for medical treatment Plaintiff has proven or will prove that Defendants should have known by the ~~By PreP~~ Preponderance of Plaintiff's evidence and having known chose to disregard it.

Plaintiff therefore submits that as supervisors of the Covington County Jail and its inmates the defendants assume full liability due to there personal participation in the constitutional violations of the Plaintiff and there causal connections between actions as supervising officials and Plaintiff constitutional deprivation. The causal connection can be established when a history of widespread abuse puts the responsible supervisors on notice of the need to correct the alleged deprivation, and he or she fails to do so. The deprivations that constitute widespread abuse sufficient to notify the supervising officials must be obvious, flagrant, rampant and of continued duration, rather than isolated occurrences. Brow v. Crawford, 906 F.2d 667 (11th Cir. 1990) (citations omitted). The causal connection may be established where the supervisor's improper "Custom or Policy... Result in Deliberate Indifference to Constitutional Rights." Rivas v. Freeman, 940 F.2d 1491, 1495 (11th Cir. 1991) ~~[struck out]~~ Wherefore, Premises Considered,

Plaintiff request this Honorable Court to enter judgment in his favor and grant unto him whatever damages court deems appropiate considering Plaintiff prolonged injury, pain and suffering, emotional and physical distress and take whatever action court see's fit to bring justice to bear against these defendants and Covington County Correctional Facility.

_Robert M. Davis_   Respectfully Submitted.

Sworn and Subscribed before me _Patricia Sweatt_ a Notary Public for the County of Covington, Alabama, on this _6th_ day of _July_, 2005

My Commission Expires on _1-29-09_

_Patricia Sweatt_
Notary

# CERTIFICATE OF SERVICE

I hereby CERTIFY that on this the 6th DAY of July, 2005, I Filed and served the following by U.S. Mail:

    s/Scott W. Gosnell
    Attorney For Defendants Anthony Clark and
    Dorene Nelson
    WEBB & ELEY, P.C.
    7475 Halcyon Pointe Road
    P.O. Box 240909
    Montgomery, Alabama 36124
    (334) 262-1850
    Fax: (334) 262-1889
    E-Mail: sgosnell@webbeley.com

    Robert M. Davis
    Robert M. Davis