IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ROBERT MICHAEL DAVIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO.: 2:05-CV-429-F |
| | ) |
| ANTHONY CLARK, et al., | ) |
| | ) |
| Defendants. | ) |

### DEFENDANT ANTHONY CLARK AND DORENE NELSON'S SUPPLEMENT TO SPECIAL REPORT

COME NOW Anthony Clark, Sheriff of Covington County, Alabama, and Dorene Nelson, Assistant Jail Administrator of the Covington County Jail, Covington County, Alabama, Defendants in the above-styled cause, and submit this Supplement to their Special Report to the Court as follows:

## I. INTRODUCTION

The Plaintiff filed the original Complaint in the United States District Court for the Middle District of Alabama on May 9, 2005. On May 11, 2005, the Court ordered the Defendants to file a Special Report. On June 20, 2005, these Defendants filed their Answer and Special Report with the Court. On July 8, 2005 the Plaintiff filed his Response to the Special Report. On August 27, 2007, the Court ordered the Defendants to file a Supplement to their Special Report, specifically addressing the Plaintiff's contentions that the Defendants failed to provide him a special diet of additional food.

## II. PLAINTIFF'S ALLEGATIONS

The Plaintiff appears to allege that he was served an inadequate quantity of food while incarcerated in the Covington County Jail.

### III. DEFENDANTS' RESPONSE TO PLAINTIFF'S ALLEGATIONS

Sheriff Anthony Clark and Dorene Nelson deny the allegations made against them by the Plaintiff, as said allegations are untrue and completely without basis in law or fact.

### A. FACTS

The Defendants incorporate the relevant facts set forth in their Special Report as if fully set forth herein. Defendants further state as follows:

The Plaintiff in this action, Robert Michael Davis, was booked into the Covington County Jail on April 9, 2005, for failure to pay child support. (See Inmate Robert Michael Davis's Inmate File (hereafter, "Inmate File"), attached to Defendants' Special Report as Exhibit A and incorporated herein as if fully set forth.) At the time of intake, the Plaintiff was six feet, two inches tall (6' 2") and weighed approximately 350 pounds. Id. According to the Plaintiff's grievance form, during a previous incarceration in the Covington County Jail he had been placed on a special diet by the Jail nursing staff. (Id.; Response to Special Report.) However, during his subsequent incarceration made the subject of his Complaint, he was apparently not prescribed such a diet. (See, Complaint; Supplemental Affidavit of Judy Carter (hereafter, "Carter Aff."), attached to Supplemental Special Report of Co-Defendants Judy Lambert and Dr. McWhorter and adopted and incorporated herein as if fully set forth, at ¶ 6; Supplemental Affidavit of Millard H. McWhorter, M.D. (hereafter, "McWhorter Aff."), attached to Supplemental Special Report of Co-Defendants Judy Lambert and Dr. McWhorter and adopted and incorporated herein as if fully set forth, at ¶ 6.)

Defendant Sheriff Anthony Clark has no personal involvement in the day-to-day operations of the Covington County Jail. (Affidavit of Anthony Clark dated June 20, 2005 (hereafter, "Clark Aff."), attached to Defendants' Special Report as Exhibit B and incorporated herein as if fully set forth, at ¶ 8.) He has delegated these responsibilities to the jail

administrator. Id. Sheriff Clark has no personal knowledge of the facts of the Plaintiff's Complaint. (Clark Aff. at ¶ 3.) Further, Assistant Administrator Dorene Nelson has no personal knowledge of the facts of the Plaintiff's Complaint. (Affidavit of Dorene Nelson dated June 20, 2005 (hereafter, "Nelson Aff."), attached Defendants' Special Report as Exhibit C and incorporated herein as if fully set forth, at ¶ 3.

Contrary to the Plaintiff's allegations, the Covington County Jail provides all constitutionally mandated necessities to its inmates. The Covington County Sheriff's Department has a policy of providing adequate food. (Clark Aff. at ¶ 9; Nelson Aff. at ¶ 8.) Each inmate receives three nutritious meals per day. Id. It would be a violation of Sheriff's Department policy to fail to provide an inmate with less than three nutritious meals per day.

**B.    LAW RELATING TO THE PLAINTIFF'S ALLEGATIONS**

These defendants adopt and incorporate all of the defenses set forth in their Special Report, including the following: (a) the Plaintiff's claims are barred by the Prison Litigation Reform Act for his failure to exhaust administrative remedies; (b) the Defendants, in their official capacities, are entitled to judgment in their favor as a matter of law; and (c) the Defendants are entitled to qualified immunity. These Defendants further state the following:

Once a defendant has asserted the defense of qualified immunity, the threshold inquiry a court must undertake is whether the plaintiff's allegations, if true, establish a constitutional violation. Saucier v. Katz, 533 U.S. 194, 201 (2001). The second inquiry is, if a constitutional violation is stated, were these rights "clearly established" to the degree that Sheriff Clark and Dorene Nelson had "fair warning" that their conduct violated the Plaintiff's constitutional rights? Willingham v. Loughnan, 321 F.3d 1299, 1301 (11th Cir. 2003). A constitutional right is clearly established only if its contours are "sufficiently clear that a reasonable official would understand

that what he is doing violates that right." Anderson v. Creighton, 483 U.S. 635, 640 (1987); Lancaster v. Monroe County, 116 F.3d 1419, 1424 (11th Cir. 1997).

The Plaintiff has failed to allege, and the facts do not support, that the Defendants violated the Plaintiff's federally protected rights. The Plaintiff alleges that he was subjected to denial of sufficient food. As neither Sheriff Clark nor Dorene Nelson are not specifically accused of doing anything wrong,[1] it is unclear why they have been sued. Accordingly, the Plaintiff cannot meet either of his burdens under the qualified immunity analysis – he cannot show a constitutional violation or clearly established law that placed the Defendants on notice that their conduct was unlawful.

**(a)   The Defendants did not violate any of the Plaintiff's federally protected rights.**

The Plaintiff cannot meet his first burden under the qualified immunity standard – he cannot show a violation of his federal rights. The Defendants are therefore entitled to qualified immunity.

To overcome the Defendants' entitlement to qualified immunity, the Plaintiff must prove that the Defendants were deliberately indifferent. Farmer v. Brennan, 511 U.S. 825, 836 (1994). Specifically, the Plaintiff must prove that Sheriff Clark and/or Dorene Nelson were aware that a substantial risk of serious harm to the inmate's health or safety existed. The Plaintiff must further prove that the Defendants drew the inference of the existence of such a risk. Id.

As previously noted, the Plaintiff's statement of the facts is devoid of any reference to Sheriff Anthony Clark or Dorene Nelson. Additionally, Sheriff Clark has little or nothing to do with the day-to-day operations of the Covington County Jail. (Clark Aff. at ¶ 8). He has delegated the day-to-day operations of the jail to Jail Administrator Jerry Edgar. Id.

---

[1] Though named as Defendants, Sheriff Clark and Dorene Nelson do not appear anywhere in the Plaintiff's Statement of Facts.

4

The Constitution requires that inmates are provided "a well-balance meal, containing sufficient nutritional value to preserve health."  Smith v. Sullivan, 553 F.2d 373, 380 (5th Cir. 1977).  See also, Hamm, 774 F.2d at 1575.  Each inmate at the Covington County Jail receives three nutritious meals per day, and inmates are commonly known to gain weight while incarcerated at the Jail. (Clark Aff. at ¶ 9; Nelson Aff. at ¶ 8; Covington County Jail Menu for May, 2005, attached to Defendants' Special Report as Exhibit E and incorporated herein as if fully set forth.)  In fact, the Alabama Department of Corrections found that the quantity of food prepared was "good."[2]  (Jail Inspection Report of the State of Alabama Department of Corrections dated April 20, 2005 (hereafter, "Inspection Report"), attached to Defendants' Special Report as Exhibit D and incorporated herein as if fully set forth.)

Plaintiff does not allege that the meal diet and portions were not adequate for the general inmate population.  Instead, he alleges that he, individually, required double portions for medical reasons.  (See, Inmate File.)  He alleges that double portions were prescribed by the Jail nurse during a previous incarceration.  Id.  He further alleges that his medical condition consisted of his excessive size and headaches.  Id.  Therefore, according to the Plaintiff's allegations, his dietary requirements were due to a medical condition(s).  This is further supported by the fact that the Plaintiff initially submitted his request for double portions on a medical request slip, not inmate grievance/request form.[3]  (Carter Aff. at ¶ 6; McWhorter Aff. at ¶ 5-6.)  After examination, the Jail medical staff, including Dr. McWhorter, Nurse Carter, and Nurse Connie Lyons, determined that the Plaintiff did not suffer from a medical condition requiring special dietary requirements.  Id.

---

[2] The possible scores on the Inspection Report are "poor," "fair" and "good."  Therefore, a score of "good" is the highest mark a jail can receive.

[3] It was not until after his medical requests were denied that Plaintiff submitted a grievance form relating to his desire for additional food.

Assuming that the Plaintiff did require a specific diet for medical reasons while incarcerated, such treatment is the responsibility of SHP, and thus these Defendants cannot be held liable for deliberate indifference to such treatment. An inmate does not have a right to a *specific* kind of treatment. City of Revere v. Massachusetts General Hosp., 463 U.S. 239, 246 (1983) (holding, "the injured detainee's constitutional right is to receive the needed medical treatment; ***how [a municipality] obtains such treatment is not a federal constitutional question***") (emphasis added). Furthermore, this Court should not substitute its medically untrained judgment for the professional judgment of the medical health professionals who treated the Plaintiff. See Waldrop v. Evans, 871 F.2d 1030, 1035 (11th Cir. 1989) (observing that "when a prison inmate has received medical care, courts hesitate to find an Eighth Amendment violation"); Hamm v. DeKalb County, 774 F.2d 1567, 1575 (11th Cir. 1985) (stating that the evidence showed the plaintiff received "significant" medical care while in jail, and although plaintiff may have desired different modes of treatment, care provided by jail did not constitute deliberate indifference), cert. denied, 475 U.S. 1096 (1986); Westlake v. Lucas, 537 F.2d 857, 860 n.5 (6th Cir. 1976) (stating "Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments").

Anthony Clark and Dorene Nelson have no direct involvement whatsoever in the provision of medical care to the Plaintiff or other inmates at the Covington County Jail. (Clark Aff. at ¶¶ 12-13; Nelson Aff. at ¶¶ 11-12.) In fact, the Plaintiff's Complaint does not allege that Sheriff Clark or Dorene Nelson had anything whatsoever to do with his medical care. (See, generally, Complaint.) SHP was responsible for the provision of medical care to the inmates. (Clark Aff. at ¶¶ 12-13; Nelson Aff. at ¶¶ 11-12.) The Covington County Jail staff has no control

or authority over the medical practices, policies or procedures of SHP. (Clark Aff. at ¶ 13; Nelson Aff. at ¶ 12.)

These Defendants had no knowledge of any serious medical condition afflicting the Plaintiff and requiring that he receive additional food. In fact, the current Jail medical staff – Nurse Carter and Dr. McWhorter – both examined the Plaintiff and found that he did not require a modified diet for medical reasons. (Carter Aff. at ¶ 6; McWhorter Aff. at ¶¶ 5-6.) These Defendants could not disregard the medical judgment of the Jail medical staff.

The Defendants do not have any kind of medical education, training or experience. They rely upon the professional judgment of medical professionals who have been retained to provide care to the inmates. This Court should not substitute its medically untrained judgment for the professional judgment of the medical health professionals who treated the Plaintiff. See Waldrop v. Evans, 871 F.2d 1030, 1035 (11th Cir. 1989) (observing that "when a prison inmate has received medical care, courts hesitate to find an Eighth Amendment violation"); Hamm v. DeKalb County, 774 F.2d 1567, 1575 (11th Cir. 1985) (stating that the evidence showed the plaintiff received "significant" medical care while in jail, and although plaintiff may have desired different modes of treatment, care provided by jail did not constitute deliberate indifference), cert. denied, 475 U.S. 1096 (1986); Westlake v. Lucas, 537 F.2d 857, 860 n.5 (6th Cir. 1976) (stating "Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments").

While the Eleventh Circuit has not had an opportunity to visit this issue, the Eighth Circuit has addressed a similar claim. In Meloy v. Bachmeier, 302 F.3d 845 (8th Cir. 2002), a former inmate sued several prison doctors, a nurse, and the prison's medical director[4] for failing

---

[4] The medical director was a trained and licensed nurse. 302 F.3d at 846.

7

to provide him with a positive air pressure machine needed to treat his sleep apnea. 302 F.3d at 847. Reversing the district court's denial of summary judgment for the director, the Eighth Circuit began by making some common sense observations. "A prison's medical treatment director who lacks medical expertise cannot be liable for the medical staff's diagnostic decisions." 302 F.3d at 847 citing, Camberos v. Branstad, 73 F.3d 174, 176 (8th Cir. 1995). Further, the Meloy court stated "[p]rison officials cannot substitute their judgment for a medical professional's prescription." Id. citing, Zentmyer v. Kendall County, 220 F.3d 805, 812 (7th Cir. 2000). Finally, the court held:

> The law does not clearly require an administrator with less medical training to second-guess or disregard a treating physician's treatment decision. Because the law was not clearly established that [the director] was deliberately indifferent to [the plaintiff's] serious medical needs, [the director] is entitled to qualified immunity.

302 F.3d at 849.

Assuming, *arguendo*, that the SHP staff did not properly respond to the Plaintiff's dietary complaints, these Defendants have not been deliberately indifferent. Sheriff Clark and Dorene Nelson are **required** to rely upon their medical staff. They cannot supplant their untrained opinion for that of medical professionals.

Finally, "a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment." Estelle, 429 U.S. at 106. There is no allegation whatsoever in the Complaint that the Defendants participated in, or interfered with, the treatment decisions made with regard to the Plaintiff. It is therefore clear from the face of the Complaint that the Plaintiff's chief claim is that the contract medical personnel ineffectively treated him. "Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Id. Regardless, the Defendants cannot be held responsible for the alleged malpractice of a county contractor.

Based upon the foregoing the Plaintiff has failed to allege a violation of his federally protected rights – let alone a violation personally committed by Sheriff Clark or Dorene Nelson. Therefore, these Defendants are entitled to qualified immunity and judgment as a matter of law on the Plaintiff's claims.

**(b)** **No clearly established law gave Sheriff Clark fair warning that his conduct was unlawful.**

The Plaintiff must show that clearly established law provided the Defendants with fair warning that their conduct was unlawful by either (1) pointing to a case with materially similar facts holding that the conduct engaged in was illegal; or (2) demonstrating that a pertinent federal statute or federal constitutional provision are specific enough to demonstrate conduct was illegal, even in the total absence of case law. Storck v. City of Coral Springs, 354 F.3d 1307, 1317 (11th Cir. 2003) (citations omitted). The Eleventh Circuit has identified the latter method as an "obvious clarity" case. Vinyard v. Wilson, 311 F.3d 1340, 1350 (11th Cir. 2002) (footnote omitted). In order to show that the Defendants' conduct was unconstitutional with "obvious clarity," "the unlawfulness must have been apparent." Willingham, 321 F.3d at 1301. "Unless a government agent's act is so obviously wrong, in the light of pre-existing law, that only a plainly incompetent officer or one who was knowingly violating the law would have done such a thing, the government actor has immunity from suit." Storck, 354 F.3d at 1318 (quoting 28 F.3d at 1149).

As the Plaintiff has made no direct allegations with respect to the conduct of Sheriff Clark or Dorene Nelson, there is nothing from which the Court may judge whether the Defendants acted lawfully or unlawfully. Consequently, the Plaintiff has failed to meet the second burden placed upon him by the qualified immunity standard.

## IV. RENEWED MOTION FOR SUMMARY JUDGMENT

### A. Summary Judgment Standard

On a motion for summary judgment, the court should view the evidence in the light most favorable to the nonmovant. Greason, 891 F.2d at 831. However, a plaintiff "must do more than show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Only reasonable inferences with a foundation in the record inure to the nonmovant's benefit. See Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133 (2000). "[T]he court should give credence to the evidence favoring the nonmovant as well as that 'evidence supporting the moving party that is uncontradicted or unimpeached, at least to the extent that that evidence comes from disinterested witnesses.'" Reeves, 530 U.S. at 151, quoting 9A C. Wright & A. Miller, Federal Practice and Procedure § 2529, p. 299.[5] "A reviewing court need not 'swallow plaintiff's invective hook, line and sinker; bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like need not be credited.'" Marsh v. Butler County, 268 F.3d 1014, 1036 n.16 (11th Cir. 2001) (en banc) quoting Massachusetts School of Law v. American Bar, 142 F.3d 26, 40 (1st Cir. 1998).

### B. Renewed Motion for Summary Judgment

Sheriff Clark and Dorene Nelson respectfully request that this Honorable Court treat this Special Report as a motion for summary judgment and grant unto them the same.

Respectfully submitted this 10th day of September, 2007.

                                                       s/Scott W. Gosnell
                                                     SCOTT W. GOSNELL, Bar Number: GOS002
                                                     Attorney for Defendants Anthony Clark and Dorene Nelson

---

[5] Although Reeves was a review of a motion for judgment as a matter of law after the underlying matter had been tried, the Supreme Court, in determining the proper standard of review relied heavily on the standard for summary judgment stating, "the standard for granting summary judgment 'mirrors' the standard for judgment as a matter of law, such that 'the inquiry under each is the same.'" Reeves, 530 U.S. at 150, citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250-251 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

OF COUNSEL:
WEBB & ELEY, P.C.
7475 Halcyon Pointe Drive
Post Office Box 240909
Montgomery, Alabama  36124
Telephone:  (334) 262-1850
Fax:  (334) 262-1889
E-mail:  sgosnell@webbeley.com

## CERTIFICATE OF SERVICE

I hereby certify that on this the 10th day of September, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF and served the following by U.S. Mail:

> Robert Michael Davis
> 500 Hardin Street
> Opp, Alabama  36467

**s/Scott W. Gosnell**
OF COUNSEL